### J. B. MARTIN'S ASSIGNEE *v.* JOHN B. MARTIN ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—56, as Martin v. Martin.]

**Sale of Land on Levy Made.**

> Where a levy is made on 500 acres of land and a sale is made on it of 800 acres, the purchaser can get no title except to 500 acres. It will not be presumed, and proof will not be admitted to show, that the levy was on the entire tract of 800 acres. The levy of the execution contradicts any such conclusion.

#### APPEAL FROM WARREN CIRCUIT COURT.

June 4, 1881.

OPINION BY JUDGE PRYOR:

While there is much evidence conducing to show fraud on the part of Martin, we are not disposed to adjudge that Stone, who no doubt was influenced to become the purchaser of all the rights of Bruner, the execution creditor, for the purpose of securing the land to his sister, has been guilty of any act with reference to the property that would invalidate his purchase. The levy of the execution in favor of Bruner was on four hundred acres of land, and the execution in favor of Duncan was on five hundred acres. It seems the sale of the land was made under all the executions and Bruner became the purchaser. The levy made by the officer is not on the entire tract of land, but on four hundred acres by reason of the Bruner execution, and five hun-

dred acres by reason of the Duncan execution; and the sale of the land under all of the executions invested the purchaser with the title, if made in good faith.

It appears, however, that there were near eight hundred acres in the entire tract, so that according to appellees' own showing he can only assert title, or even the claim of title, to the quantity of land purchased, and no more. If the sale was made by reason only of the Bruner execution it would be void, certainly, as to one hundred acres, as the sheriff levied on 400 acres and sold 500 acres. The sale was made as well under the Duncan execution as Bruner's, and therefore the title passed as to the quantity sold, but not to the whole tract. The levy does not show what particular land was intended to be sold, nor will it be presumed or proof be admitted to show that the levy was on the entire tract. The levy of the executions contradicts any such conclusions, and besides, there being more than eight hundred acres of land in the tract no such construction will be given as to the extent of the levy, as that insisted upon by counsel for the appellees.

The deed passes title to no greater quantity of land than the levy, and Martin is left the owner of all the land except the 500 acres, and what is left passes to the appellant, Hines, for the benefit of creditors. The question of fraud, or that of limitation, is not involved in the controversy as to that part of the land unsold, and this court is not disposed to disturb the appellee, Stone, in his purchase, and, as before stated, there is no sufficient proof to authorize the court to say that the land was bought for Martin. The latter had no means, and it may have been the intention of the appellee, Stone, to purchase the land for his sister, and that he had the right to do. As to the personal property sold by the appellee, Stone, to Mrs. Martin, it appears that it was paid for with her own money; still it was on the farm and in the possession of the husband, and such of it as remains, not exempt from execution, would have been set apart for the debts of the husband but for the plea of limitations. It was purchased by Stone and sold to his sister. She has been asserting claim to it in her own right all the time, and by a proceeding in equity has been permitted to use, control and dispose of it as a feme sole. These facts were all within the knowledge of the

assignee, or could have been known with the exercise of the proper diligence. The conveyance to her of the 92 acres of land has been cancelled, and this is as far as the judgment should affect her rights.

There is no mistake in the conveyance to the appellees, but there is a bill of discovery in regard to the property owned by Martin, and a distinct allegation that there was more than 400 acres of land in the tract. The land will be divided by allotting to the appellee, Stone, the 500 acres, including the family residence, in such a manner as will be just to all the parties, allotting the remainder to the appellant, Hines, that he may dispose of it for the benefit of creditors.

The judgment is *reversed* as to Stone and *affirmed* as to Mrs. Martin and cause remanded for further proceedings. Mrs. Martin is entitled to a judgment for costs against the appellant as assignee, and the same is now awarded.

*H. T. Clark, for appellant.*

*Halsell & Mitchell, for appellees.*